NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0301n.06

No. 22-1257

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| LIVINGSTON EDUCATIONAL SERVICE AGENCY; WAYNE-WESTLAND COMMUNITY SCHOOLS, <br><br>     Plaintiffs - Appellants, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; JOOYEUN CHANG, in her official capacity as Assistant Secretary and Principal Deputy Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; BERNADINE FUTRELL, in her official capacity as the Director of the Office of Head Start, <br><br>     Defendants - Appellees. | **FILED** <br> Jun 29, 2023 <br> DEBORAH S. HUNT, Clerk <br><br><br> ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN <br><br> ORDER |

Before: BUSH, LARSEN, and MATHIS, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** On November 30, 2021, the Office of Head Start, the Administration of Children and Families (ACF), and the U.S. Department of Health and Human Services (HHS) issued a vaccine requirement covering federal Head Start programs. Vaccine and Mask Requirements to Mitigate the Spread of COVID-19 in Head Start Programs, 86 Fed. Reg. 68052 (Nov. 30, 2021). Two school districts in Michigan challenge this rule, seeking a preliminary injunction, a permanent injunction, and declaratory relief.

But the vaccine requirement at issue has since been rescinded. Removal of the Vaccine Requirements for Head Start Programs, 88 Fed. Reg. 41326 (June 26, 2023). "Under Article III of the Constitution, our jurisdiction extends only to actual cases and controversies. We have no power to adjudicate disputes which are moot." *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997) (quoting *Crane v. Ind. High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). A case is moot if the relief sought, if granted, would make no "difference to the legal interests of the parties." *Id.* (quoting *Crane*, 975 F.2d at 1318). "[W]hen a case at first presents a question concretely affecting the rights of the parties, but—as a result of events during the pendency of the litigation—the court's decision would lack any practical effect, the case is moot." *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022) (en banc) (quoting *Ohio v. EPA*, 969 F.3d 306, 308 (6th Cir. 2020)).

With the vaccine requirement rescinded, the requested relief would have no bearing on the plaintiffs' rights. Nor does any exception to the mootness doctrine apply here. *See id.* at 528–30. Therefore, this case is moot.

Under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), because the plaintiffs were deprived of the opportunity to appeal through no fault of their own, we vacate the district court's order and the motions panel opinion and remand with a direction that the district court dismiss the case. *See id.* at 39; *Resurrection Sch.*, 35 F.4th at 530; *Esshaki v. Whitmer*, 2020 U.S. App. LEXIS 28565, No. 20-1336, at *3 (6th Cir. 2020).

For the forgoing reasons, we **REMAND** for proceedings consistent with this order.